IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| WAYNE J. FENIMORE<br><br>Plaintiff,<br><br>v.<br><br>NANCY A. BERRYHILL,<br>ACTING COMMISSIONER OF<br>SOCIAL SECURITY,<br><br>Defendant. | CIVIL ACTION<br>NO. 17-4722 |

### MEMORANDUM OPINION

SCHMEHL, J. /s/ JLS                                                   APRIL 24, 2018

**I.    Introduction**

Plaintiff Wayne J. Fenimore, who is proceeding pro se and has been granted leave to proceed *in forma pauperis*, has filed a Complaint seeking judicial review of a decision of the Social Security Administration pursuant to 42 U.S.C. § 405(g). Defendant Nancy A. Berryhill, Acting Commissioner of Social Security, has moved to dismiss Fenimore's Complaint as untimely. Because Fenimore's Complaint is untimely, Berryhill's Motion to Dismiss is granted.

**II.    Background**

Fenimore filed applications for disability insurance benefits and widower's insurance benefits. (*See Chung* Decl. ¶ 3(a).) On February 1, 2016, an Administrative Law Judge (ALJ), denied Fenimore's applications for benefits and mailed a copy of his decision to the Plaintiff. (*See Chung* Decl. ¶ 3(a), Ex. 1.) Fenimore filed a request for review of the ALJ's decision. (*Id.*) The Appeals Council notified plaintiff of the denial of his request for review by a letter dated

August 14, 2017. (*Id.*) The denial letter which was post marked August 15, 2017, was mailed to plaintiff at 3700 School Lane, Drexel Hill, Pennsylvania. (ECF 11, Ex. 1.) The letter advised plaintiff of his right to file a civil action within 60 days from the date of receipt of the notice. (*Chung* Decl. ¶ 3(a), Ex. 1.) The denial letter further advised plaintiff that, "[t]he 60 days start the day after you receive this letter. We assume you received this letter 5 days after the date on it unless you show us that you did not receive it within the 5-day period." *(Id. ¶2, Ex. 2.)* Plaintiff filed this action on October 20, 2017. Defendant moves for dismissal on the grounds that the instant complaint was not filed within the 60-day time-frame.

### III.     Standard of Review

Although "[t]echnically, the Federal Rules of Civil Procedure require that affirmative defenses be pleaded in the answer," under "the so-called 'Third Circuit Rule'" a limitations defense may be raised by a motion under Rule 12(b)(6) if "'the time alleged in the statement of a claim shows that the cause of action has not been brought within the statute of limitations.'" *Robinson v. Johnson*, 313 F.3d 128, 135 (3d Cir. 2002) (quoting *Hanna v. U.S. Veterans' Admin. Hosp.*, 514 F.2d 1092, 1094 (3d Cir.1975)).

"In deciding motions to dismiss pursuant to Rule 12(b)(6), courts generally consider only the allegations in the complaint, exhibits attached to the complaint, matters of public record, and documents that form the basis of a claim." *Lum v. Bank of Am.*, 361 F.3d 217, 221 n.3 (3d Cir. 2004). In addition, "documents whose contents are alleged in the complaint and whose authenticity no party questions, but which are not physically attached to the pleading, may be

considered." *Pryor v. National Collegiate Athletic Ass'n*, 288 F.3d 548, 560 (3d Cir. 2002) (quoting 62 Fed. Proc., L.Ed. § 62:508); *see also U.S. Express Lines, Ltd. v. Higgins*, 281 F.3d 383, 388 (3d Cir. 2002) ("Although a district court may not consider matters extraneous to the pleadings, a document integral to or explicitly relied upon in the complaint may be considered without converting the motion to dismiss in one for summary judgment." (internal quotation marks and emphasis omitted)).

**IV. Analysis**

Section 405(g) provides that an "individual, after any final decision of the Commissioner of Social Security made after a hearing . . . may obtain a review of such decision by a civil action commenced within sixty days after the mailing to him of notice of such decision or within such further time as the Commissioner of Social Security may allow." This provision constitutes a statute of limitations but is not jurisdictional. *See Bowen v. City of New York*, 476 U.S. 467, 478 (1986). The United States Supreme Court has explained that "the statute of limitations embodied in § 405(g) is a mechanism by which Congress was able to move cases to speedy resolution in a bureaucracy that processes millions of claims annually. Thus, the limitation serves both the interest of the claimant and the interest of the Government." *Id.* at 481. The limitations period constitutes "a condition on the waiver of sovereign immunity and thus must be strictly construed." *Id.* at 479.

The limitation period prescribed by § 405(g), however, is subject to equitable tolling. *Id.* at 480. There are three principal bases for applying the

doctrine of equitable tolling: (1) where the defendant has actively misled the plaintiff respecting the plaintiff's cause of action; (2) where the plaintiff in some extraordinary way has been prevented from asserting his or her rights; or (3) where the plaintiff has timely asserted his or her rights mistakenly in the wrong forum. *Kramer v. Comm'r of Soc. Sec.*, 461 F. App'x 167, 169 (3d Cir. 2012)(unpublished) (quoting *Oshiver v. Levin, Fishbein, Sedran & Berman*, 38 F. 3d 1380, 1387 (3d Cir. 1994)). A "plaintiff bears the burden of establishing that equitable tolling applies." *Courtney v. LaSalle Univ.*, 124 F. 3d 499, 505 (3d Cir. 1997). Equitable tolling is "to be applied sparingly." *Kramer*, 461 F. App'x 167 at 169.

The Commissioner's decision denying Fenimore's applications for benefits became final on August 14, 2017, when the Social Security Appeals Council notified Fenimore that it had denied his request for review of the ALJ's decision Applying the five-day presumption contained in the Social Security Regulations, see 20 C.F.R. § 422.210(c), the Court finds that plaintiff was presumed to have received the letter on Saturday, August 19, 2017, five days after August 14, 2017. Plaintiff then had 60 days commencing on August 20, 2017 up to and including Monday, October 18, 2017 to file the instant action. *See* Fed. R. Civ. P. 6(a)(1) (in computing time for filing, when the period is stated in days or a longer unit of time exclude the day of the event that triggers the period, count every day, including intermediate Saturdays, Sundays, and legal holidays, and include the last day of the period, but if the last day is a Saturday, Sunday, or legal holiday, the period continues to run until the end of the next day that is not a Saturday,

4

Sunday, or legal holiday). Fenimore filed his Complaint on October 20, 2017. Accordingly, Fenimore's Complaint is untimely.

Fenimore has not presented any exceptional circumstances that would justify tolling the statute of limitations. He argues in his opposition papers that the Drexel Hill mailing address is not actually his residence, but the residence of a friend, Larry Hayman, who allows plaintiff to live there. Plaintiff claims he is often away from this residence in order to take case of his girlfriend and other family members. He claims his adult son, Brett, was checking his mail at the Drexel Hill residence each day and that he was notified by Brett on September 5, 2017, that the denial letter from the Appeals Council was delivered on that date. Plaintiff has submitted the unsworn statements of Larry Hayman and Brett in which they confirm that the denial letter was not received until September 5, 2017. Therefore, he claims that the 60-day limitation period should start running from September 6, 2017. In short, plaintiff is claiming without any sworn supporting evidence that a letter that was mailed form Washington, D.C. on August 15, 2017 did not arrive at the Drexel Hill, Pennsylvania residence until nearly three weeks later on September 5, 2017. In the absence of any sworn statements or other evidence, the Court finds that these circumstances are not so exceptional as to justify the tolling the statute of limitations.

In addition, the Appeals Council's August 14, 2017 notice specifically states that a claimant may ask the Council for an extension of time to file for court review and explains how and to whom such a request must be made. ("You must have a good reason for waiting more than 60 days to ask for court review.

You must make the request in writing and give your reason(s) in the request.") Fenimore does not allege that he requested an extension or communicated with the SSA in any way prior to filing his complaint in federal court.

While allowing Fenimore to file his complaint two days late would likely create little prejudice to the Commissioner in this particular case, as noted above, there are millions of applicants for Social Security benefits each year, and the Court finds that the lack of a firm filing deadline could wreak havoc with the filing process. *See White v. Colvin*, 150 F. Supp. 3d 361 (D. Del. 2015)(dismissing social security appeal as time-barred when, in the absence of exceptional circumstances, it was filed **one** day after the 60-day limitations period expired.)

In short, this case is a classic reminder of the risks that applicants take for no apparent reason by waiting until the very end of a filing period to initiate their lawsuits.

**V. Conclusion**

For the reasons set forth above, Berryhill's Motion to Dismiss is granted. A separate order follows.